# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| MICHELLE JENKINS | CASE NO. 6:19-CV-00620 |
| VERSUS | JUDGE ROBERT R. SUMMERHAYS |
| A.J. FRANK, ET AL. | MAGISTRATE JUDGE WHITEHURST |

## MEMORANDUM RULING

Plaintiff Michelle Jenkins brings this suit against Defendants, Officer A.J. Frank (individually and in his official capacity as a police officer for the Town of Basile), Chief Allen Ivory (individually and in his official capacity as Chief of Police of the Town of Basile), and the Town of Basile, for violations of her civil rights, as well as for damages allegedly incurred due to the tortious conduct of defendants. Defendants now seek dismissal of plaintiff's request for punitive damages pursuant to Fed. R. Civ. P. 12(b)(6). For the following reasons, the motion filed by the Town of Basile [Doc. No. 10] is GRANTED, and the motions filed by Chief Ivory and Officer Frank [Doc. Nos. 5, 13] are GRANTED IN PART and DENIED IN PART.

Plaintiff does not oppose the motion filed by the Town of Basile. [Doc. No. 12 at 1 ("Ms. Jenkins does not dispute that the City of Basile is immune to her claims for punitive damages"); *see also Id.* at 3]. Punitive damages are not available against a municipality for claims brought under 42 U.S.C. § 1983. *See e.g. City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1982). Accordingly, plaintiff's claim for punitive damages asserted against the Town of Basile pursuant to section 1983 will be dismissed.

Insofar as plaintiff seeks punitive damages against Chief Ivory and Officer Frank in their official capacities under section 1983, the motions are granted. The imposition of punitive damages

against law enforcement officers in their official capacities is tantamount to awarding punitive damages against a municipality, and therefore such damages are not available. *See e.g. Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985). Insofar as plaintiff seeks punitive damages against Chief Ivory and Officer Frank in their personal capacities under section 1983, such damages are available to remedy intentional or reckless violations of civil rights. *Smith v. Wade*, 461 U.S. 30, 56 (1983); *see also Graham* at 167 n.13. Punitive damages are warranted "when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." *Smith* at 56. With regard to Chief Ivory, defendant's entire argument reads, "In this case, it is not alleged that the [sic] Chief Allen Ivory acted in any way personally or in his individual capacity to violate any rights of plaintiff." [Doc. No. 5-1 at 5]. Read liberally, plaintiff's Complaint alleges Chief Ivory knew of Officer Frank's "penchant for violence, and for misusing his authority to inflict physical pain on members of the community," but nevertheless hired Officer Frank as a police officer for the Town of Basile. [Doc. 1-5 at 4]. The Complaint additionally alleges Chief Ivory was personally involved in the events giving rise to this suit. *Id.* at 6. While these allegations may not survive a motion for summary judgment, the Court finds plaintiff has sufficiently stated a claim for punitive damages against Chief Ivory in his personal capacity pursuant to section 1983 for purposes of Rule 12(b)(6). With regard to Officer Frank, defendant makes no argument whatsoever as to the unavailability of punitive damages against him in his personal capacity, and thus, defendant has not shown it is entitled to the relief requested.

Finally, to the extent plaintiff seeks an award of punitive damages against Chief Ivory, Officer Frank or the Town of Basile in connection with her claims asserted under state law, the motions will be granted. It is well settled under Louisiana law that punitive damages are not

allowed in civil suits unless specifically provided for by statute. In the absence of such a specific statutory provision, only compensatory damages may be recovered. *International Harvester Credit Corp. v. Seale*, 518 So.2d 1039, 1041 (La.1988). Nowhere in the pleadings does plaintiff identify a statutory provision which allows recovery of punitive damages for the state law claims that plaintiff asserts against any of the defendants.

For the reasons set forth herein, the Motion to Dismiss [Doc. No. 10] filed by the Town of Basile is GRANTED, and plaintiff's request for punitive damages against the Town of Basile is DISMISSED. The Motions to Dismiss filed by Chief Ivory and Officer Frank [Doc. Nos. 5, 13] are GRANTED IN PART and DENIED IN PART as follows: the motions are GRANTED to the extent they seek dismissal of plaintiff's request for punitive damages in connection with her state law claims and in connection with her federal claims asserted against Chief Ivory and Officer Frank in their official capacities; the motions are DENIED to the extent they seek dismissal of plaintiff's request for punitive damages against Chief Ivory and Officer Frank in their personal capacities.

THUS DONE in Chambers on this 5th day of August, 2019.

**ROBERT R. SUMMERHAYS**
**UNITED STATES DISTRICT JUDGE**