# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| **Jenkins** | **Civil Action No 6:19-Cv-00620** |
| **Versus** | **Judge Robert R Summerhays** |
| **Frank et al** | **Magistrate Judge Carol B Whitehurst** |

### REPORT AND RECOMMENDATION

Pending before the Court, on referral from the district judge, is a Motion To Dismiss For Failure To State A Claim Upon Which Relief Can Be Granted filed by Defendant, Allen Ivory, individually and in his official capacity as Chief of Police of the Town of Basile ("Chief Ivory"), [Rec. Doc. 4], and Plaintiff, Michelle C. Jenkins's, Memorandum in Opposition [Rec. Doc. 12]. For the following reasons the Court will recommend that Defendant's Motion be granted.

### I. BACKGROUND

Plaintiff alleges in her Petition[1] that she dialed 911 requesting that the Eunice City Police Department dispatch an officer to her residence "to remove Michael Jenkins from the home." *R. 1-1, ¶ 4*. Plaintiff alleges that "[she] and Michael Jenkins had a history of escalating arguments and disputes and [sic], all of which was known and should have been known to the members of the police department." *Id. at ¶ 3*.

---

[1] Defendants removed this action from the 13 JDC, Parish of Evangeline, State of Louisiana. *R. 1*.

She alleges that Officer A.J. Frank arrived at her residence in response to her 911 call. She further alleges that rather than "calming" her and Michael down, Officer Frank "aggravated the situation." *Id. at ¶ 9*. Officer Frank restrained her and was placing handcuffs on her, when Chief Ivory arrived with other police officers and "instructed [Officer] Frank to step down and stop." *Id. at ¶17*. Plaintiff contends that as a result of Officer Frank's actions against her, she sustained serious physical and emotional injuries. *Id. at ¶19*. She further contends that Chief Ivory caused her damages in his capacity as employer/supervisor of Officer Frank.

Chief Ivory moves to dismiss Plaintiff's claims against him in his individual capacity under Rule 12(b)6 as she has failed to state a claim against him.

## II. LAW AND ANALYSIS

### A. Motion to Dismiss Standard

When deciding a Rule 12(b)(6) motion to dismiss, "[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.' " *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007). The Court may consider "the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011). "To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead

2

'enough facts to state a claim to relief that is plausible on its face.' " *In re Katrina Canal Breaches Litigation*, 495 F.3d at 205. In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), the United States Supreme Court set forth the basic criteria necessary for a complaint to survive a Rule 12(b)(6) motion to dismiss. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. A complaint is also insufficient if it merely "tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). However, "[a] claim has facial plausibility when the plaintiff pleads the factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Twombly*, 550 U.S. at 570. In order to satisfy the plausibility standard, the plaintiff must show "more than a sheer possibility that the defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. "Furthermore, while the court must accept well-pleaded facts as true, it will not 'strain to find inferences favorable to the plaintiff.'" *Southland Sec. Corp. v. Inspire Ins. Solutions, Inc.*, 365 F.3d 353, 361 (5th Cir. 2004). Conclusory allegations and unwarranted deductions of fact are not accepted as true, *Kaiser Aluminum & Chemical Sales v. Avondale Shipyards*, 677 F.2d 1045,

1050 (5th Cir. 1982), and courts "are not bound to accept as true a legal conclusion couched as a factual allegation," *Twombly*, 550 U.S. at 555.

## B. Discussion

### 1. Individual Claims Against Chief Ivory

Plaintiff's only allegations as to Chief Ivory are directed to his supervisory actions taken against Officer Frank, i.e. "instructed [Frank] to step down and stop;" "instructed [Franck] to stand outside and wait." *Id. at ¶¶ 17, 18*. Plaintiff fails to allege any accusations against Chief Ivory to establish liability against him in his individual capacity. "Plaintiffs suing governmental officials in their individual capacities . . . must allege specific conduct giving rise to a constitutional violation. This standard requires more than conclusional assertions: The plaintiff must allege specific facts giving rise to a constitutional violation." *Oliver v. Scott*, 276 F.3d 736, 741 (5th Cir. 2002). In addition, it is well-settled that supervisory officers cannot be held liable under §1983 for the actions of subordinates on a theory of vicarious liability. *See Monell v. Department of Social Services,*, 436 U.S. 658, 691-95; *Bennett v. City of Slidell*, 728 F.2d 762, 767 (5th Cir.1984) (*en banc*). A supervising officer may be personally liable under § 1983 only if: (1) he was personally involved in an act causing the deprivation of constitutional rights; or (2) his action or inaction, such as insufficient training or supervision, is connected to the alleged constitutional violation. *Baker v. Putnal*, 75 F.3d 190, 199 (5th Cir.1996). The only allegations that

Chief Ivory was personally involved in the incident show that Chief Ivory did nothing at all to violate plaintiff's constitutional rights. Plaintiff has alleged no fact that would plausibly suggest an entitlement to relief against Chief Ivory in his individual capacity under 42 U.S.C. § 1983. Accordingly, Plaintiff's Petitions must be dismissed insofar as it purports to state a claim against Chief Ivory in his individual capacity.

### 2. *Official Capacity Claims Against Chief Ivory*

Plaintiff's Petition alleges claims against the Town of Basile and against Chief Ivory in his official capacity. "A judgment in a § 1983 lawsuit against an official in his official capacity imposes liability against the entity he represents." *Deshotels v. Village of Pine Prairie*, 2012 WL 1712358, at *4 (W.D.La. Apr. 13, 2012). Therefore, it is "well settled that a suit against a municipal official in his or her official capacity is simply another way of alleging municipal liability." *Howell v. Town of Ball,* 2012 WL 3962387, at *4 (W.D.La. Sept. 4, 2012) (citing *Monell*, 436 U.S. 658. When, as in this case, the government entity itself is a defendant in the litigation, claims against specific individuals in their official capacities are redundant, and for that reason, courts in this circuit have found it is appropriate to dismiss them. *Castro Romero v. Becken*, 256 F.3d 349, 355 (5th Cir.2001); *Flores v. Cameron County, Tex.*, 92 F.3d 258, 261 (5th Cir.1996).

Thus, Plaintiff's Petitions must be dismissed insofar as it purports to state a claim against Chief Ivory in his official capacity.

### III. CONCLUSION

Based on the foregoing,

**IT IS RECOMMENDED** that the Motion To Dismiss For Failure To State A Claim Upon Which Relief Can Be Granted filed by Defendant, Allen Ivory, individually and in his official capacity as Chief of Police of the Town of Basile ("Chief Ivory"), [Rec. Doc. 4] be GRANTED for failure to state a claim pursuant to Rule 12(b)(6) and Plaintiff's § 1983 claims against Chief Ivory should be dismissed with prejudice.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized

by Fed. R. Civ. P 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

**THUS DONE AND SIGNED** this 23rd day of August, 2019 at Lafayette, Louisiana.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE