# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAFAYETTE DIVISION

| | |
|---|---|
| **MICHELLE JENKINS** | **CASE NO. 6:19-CV-00620** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **A. J. FRANK, ET AL.** | **MAGISTRATE JUDGE WHITEHURST** |

## RULING ON OBJECTION

Before the Court is an Objection by Plaintiff [Doc. No. 26] to the Report and Recommendation ("R&R") issued by the Magistrate Judge. The Magistrate Judge recommends all claims asserted against Chief Allen Ivory be dismissed for failure to state a claim. Plaintiff objects to the extent the R&R recommends dismissal of her hiring claim asserted pursuant to 43 U.S.C. § 1983 against Chief Ivory in his individual capacity.

Vicarious liability does not apply to § 1983 claims. *Connick v. Thompson*, 563 U.S. 51, 60 (2011). Under § 1983, "a government official can be held liable only for his own misconduct." *Carnaby v. City of Houston*, 636 F.3d 183, 189 (5th Cir. 2011). In order to assert a valid claim against a supervisory official in his individual capacity, the official must affirmatively participate in the acts that caused the constitutional deprivation, or he must implement unconstitutional policies that causally result in the constitutional injury. *Porter v. Epps*, 659 F.3d 440, 446 (5th Cir. 2011). "In order to establish supervisor liability for constitutional violations committed by subordinate employees, plaintiffs must show that the supervisor act[ed], or fail[ed] to act, with *deliberate indifference* to violations of others' constitutional rights committed by their subordinates." *Porter* at 446 (alterations, emphasis in original) (quoting *Gates v. Texas Dep't of Prot. & Reg. Servs.*, 537 F.3d 404, 435 (5th Cir. 2008)).

"Deliberate indifference" to the "known or obvious consequences" of a hiring decision can amount to a constitutional violation under § 1983 on the part of the decisionmaker. *Gros v. City of Grand Prairie*, 209 F.3d 431, 433 (5th Cir. 2000). But "[a] showing of simple or even heightened negligence will not suffice." *Id.* (quoting *Board of County Comm'rs v. Brown*, 520 U.S. 397, 407 (1997)); *see also Rivera v. Bonner*, 691 Fed.Appx. 234, 237 (5th Cir. 2017) (holding that demonstrating "simple or heightened negligence" in hiring choices is insufficient to establish deliberate indifference). Instead, "deliberate indifference" exists where adequate scrutiny of an applicant's background would lead a reasonable supervisor to conclude that the plainly obvious consequences of the decision to hire would be the deprivation of a third party's constitutional rights. *Gros*, 209 F.3d at 433-34 (citing *Snyder v. Trepagnier*, 142 F.3d 791, 797 (5th Cir. 1998)). "'[P]redicting the consequence of a single hiring decision, even based on an inadequate assessment of a record, is far more difficult than predicting what might flow from the failure to train a single law enforcement officer as to a specific skill necessary to the discharge of his duties.'" *Rivera*, 691 Fed. Appx. at 237-38 (quoting *Brown*, 520 U.S. at 410). A plaintiff must therefore show that there was "'a strong connection between the background of the particular applicant and the specific violation alleged' such that 'the hired officer was highly likely to inflict the particular type of injury suffered.'" *Id.* (quoting *Gros*, 209 F.3d at 434).

In this matter, Plaintiff alleges Chief Ivory hired Officer Frank "despite knowing" of Officer Frank's "well-known history within the law enforcement community of being an officer with a penchant for violence, and for misusing his authority to inflict physical pain on members of the community." [Doc. No. 1-5 at 4]. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570

(2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly* at 556). Here, the Complaint fails to allege any facts related to Frank's background or Ivory's background check and/or hiring process. As such, Plaintiff has failed to state a claim against Chief Ivory in his individual capacity for his hiring of Officer Frank. Accordingly, the Court finds this claim must be dismissed.

THUS DONE in Chambers on this ___21st___ day of October, 2019.

ROBERT R. SUMMERHAYS
UNITED STATES DISTRICT JUDGE